**Mindy Linda PANITCH, a minor, by her guardian ad litem, individually and as a member of a class, Plaintiff,**

v.

**STATE OF WISCONSIN et al., Defendants.**

**No. 72–C–461.**

United States District Court,
E. D. Wisconsin.

Feb. 26, 1976.

Peregrine, Marcuvitz, Cameron & Peltin by Alan Marcuvitz and Howard B. Schoenfeld, Milwaukee, Wis., for plaintiff.

Bronson C. La Follette, Atty. Gen. by John W. Calhoun, Madison, Wis., for the State.

Max C. Ashwill, Madison, Wis., for Kahl.

George D. Prentice, Milwaukee, Wis., for Glendale & River Hills.

Aaron E. Goodstein, Milwaukee, Wis., for guardian ad litem.

Before FAIRCHILD, Chief Circuit Judge, and REYNOLDS and GORDON, District Judges.

DECISION and ORDER

This is a class action on behalf of a class defined on November 16, 1972, as:

---

**12.** *See Heyman v. Commerce Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975).

". . . all handicapped educable children between the ages of four and twenty who are residents of Wisconsin and are presently being denied, allegedly, a program of education in public schools or in equivalent educational facilities at public expense."

Subsequent to the commencement of this action, legislation which prescribes a program that satisfies, at least in theory, the demands made in the plaintiff's complaint was enacted. Chapter 89 of the Laws of 1973, Wis.Stats. §§ 115 *et seq.* Since the enactment of that legislation, this action has been concerned with the implementation of the legislation.

On October 21, 1975, this court denied the plaintiff's motion to vacate an earlier order which had stayed the proceedings. The plaintiff had contended that further action of the court was necessary in order to avoid further delay in the full implementation of chapter 89. At the same time the court requested supplementary briefs on the issues of the representativeness of the plaintiff's claim and the relationship of the Eleventh Amendment to the plaintiff's request that the court establish a procedure to provide reimbursement to those persons who have incurred expenses in providing educational services for their children in the period since the enactment of chapter 89.

█ Supplementary briefs have been filed by the parties, and it is this court's conclusion that the plaintiff's request for the establishment of a reimbursement procedure should be denied.

The plaintiff's father obtained a judgment in a Milwaukee county court that he was entitled to reimbursement for his expenses, in part from the Glendale school district and in part from Milwaukee county. The school district has reimbursed the father, but the county, which was not a party to the state court action, has not. The record in this action indicates that the father is pressing his claim against the county.

Of the 31 children residing in the Glendale school district who have been identified as members of the class of plaintiffs in this action, the plaintiff has pointed to seven who are presently not being provided a program of education in public schools or in equivalent educational facilities at public expense. That is, they are attending programs other than those offered to them by the defendants, and are being reimbursed for only a part of their educational expenses or for none at all. However, only in the case of the named plaintiff was the procedure for appealing the placement recommendation of the defendants utilized. Thus, only the named plaintiff has challenged the adequacy of the educational program offered to her at public expense—the other six children were placed in alternative programs without any challenge being made to the adequacy of the public programs offered them. Given these facts, it appears that the claim of the named plaintiff to reimbursement is not representative of the claims of the members of the plaintiff class.

Therefore, it is ordered that the plaintiff's application to have this court establish a procedure to provide reimbursement to those persons who have incurred expenses in providing educational services for their children in the period since the enactment of chapter 89 be and hereby is denied.

█ It is also ordered that all proceedings in this action remain stayed until further order of the court, subject to the following conditions:

(1) The plaintiff may again petition this court to vacate this stay order and reactivate proceedings, and such petition will be granted upon a sufficient showing of dilatory conduct or inordinate delay in the implementation of chapter 89; no such petition will be entertained, however, prior to August 1, 1976.

(2) The defendants are directed to prepare and submit to the court by July 15, 1976, supplemental reports on the implementation of chapter 89.